# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:10CV-5-M

**VIVIAN JANET BOWMAN**                                                   **PLAINTIFF**

**v.**

**JENNIFER MITCHELL** *et al.*                                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Vivian Janet Bowman, filed this *pro se* action against Jennifer Mitchell, Micki Piper, and Kathy Bays. Bowman filed her complaint on a general complaint form. In the section of the complaint asking her to state her grounds for filing this case in Federal Court, Bowman states: "Defendants are guilty of violating my rights--U.S. Constitution Civil Rights as a citizen--in U.S. Government Housing and Urban Development--Defendant Micki Piper violently attacked me. Micki Piper is a fat black woman with a hateful vulgar mouth." Bowman indicates that she and all the defendants reside in the same apartment building in Bowling Green, Kentucky. She further explains her claim as follows:

> On Thursday, December 31, 2009, Micki Piper violently attacked me--she gets too close to me she extends her huge arms and hands towards me to strike me, Micki Piper is a large black woman who works in the office with the other Defendants in Bowling Green Towers, a HUD property. This is a malicious and violent 3 women defendants who support each other in their criminal act to violate me. These 3 women abuse white women only. I have not seen them abuse men or black women. I have seen these 3 women defendants abuse other white women. I never ever think they wold do crime towards me because I stay away from every person living in Bowling Green Towers just need a place to live.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up

unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Bowman has not met her burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. She alleges that her constitutional rights were violated by Defendants whom she identifies as living in and working for a property that receives federal assistance from the United States Department of Housing and Urban Development (HUD). Because Plaintiff references civil rights, the Court believes that she may be attempting to bring a claim under 42 U.S.C. § 1983." "Section 1983 is not itself a source of substantive rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to recover under § 1983, a plaintiff must show the deprivation of a federal right through conduct which is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). That is, "the party charged with the deprivation must be a person who . . . is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State." *Id.* The fact that Defendants work for and live in a property that is regulated by HUD is not enough to transform them into state actors. *See Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1243 (5th Cir. 1982) ("[L]essors in Section 8 new construction housing programs act as private parties."); *Neal v. Martinez*, No. 01 Cv. 11587 (VM), 2003 U.S. Dist. LEXIS 1672 (S.D.N.Y. Feb. 4, 2003) ("Plaintiffs assert no concrete facts that the state-here the federal government through HUD-exercised any power or influence over Defendants in any way to force or encourage Defendants to act in a manner that violated Plaintiffs' rights under § 1983."); *Hylton v. RY Mgmt.*, No. 05 CV 6710 (GBD), 2006 U.S. Dist. LEXIS 51364 (S.D.N.Y. July 25, 2006) (same). Thus, Bowman cannot maintain a § 1983 claim against Defendants because they are not state actors.

Additionally, Bowman fails to establish diversity jurisdiction as there is not complete

3

diversity of citizenship.  *See* 28 U.S.C. § 1332.  To the contrary, Bowman alleges that she and all of the Defendants are Kentucky citizens.

Accordingly, because Bowman has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*

4414.008